UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EMMA ZICARELLI,

    Plaintiff,

v.

COMMERCIAL RECOVERY SYSTEMS, INC,

    Defendant.

_____/

CASE NO.

3:13-cv-679-J-20 JRK

FILED

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, EMMA ZICARELLI ("Plaintiff"), by and through the undersigned attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC, ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person who resides in St. Augustine, St. Johns, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Plaintiff is informed, believes, and thereon alleges, that Defendant is a national company with a business office in Dallas, Texas.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In or around February of 2013, Defendant began placing collection calls to Plaintiff in an attempt to collect an alleged debt.

10. Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

11. On or around February 9, 2013, Plaintiff spoke to Defendant, stated that she was unable to pay the alleged debt, and requested that Defendant cease placing collection calls.

12. Despite Plaintiff's request to stop, Defendant placed four (4) collection calls to Plaintiff on March 28, 2013; April 25, 2013; May 2, 2013; and May 9, 2013.

13. In a collection call on May 9, 2013, Plaintiff again stated that she was unable to pay the debt. Defendant falsely stated that Plaintiff's social security account would be garnished if the alleged debt was not paid.

14. As defendant is not the United States of America or an agent or representative thereof, Defendant cannot garnish Plaintiff's social security benefits pursuant to Section 207 of the Social Security Act, 42 U.S.C.§ 407.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

15. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a) Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

   b) Defendant violated §1692d(5) of the FDCPA by constantly and consistently placing telephone calls with the intent to harass, oppress, and abuse Plaintiff;

   c) Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of the debt;

   d) Defendant violated § 1692e(4) of the FDCPA by falsely threatening to garnish Plaintiff's social security check despite such garnishment being unlawful;

   e) Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt;

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

16. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

17. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

18. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

By: _____
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone: (323) 988-2400 ext. 267
Fax:    (866) 802-0021
Attorney for Plaintiff
FBN: 0882461