UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EMMA ZICARELLI,

    Plaintiff,                                    CASE NO. 3:13-cv-00679-HES-JRK

v.

COMMERCIAL RECOVERY SYSTEMS, INC,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

NOW COMES Plaintiff, EMMA ZICARELLI ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and hereby applies for a default judgment against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. ("Defendant"). The Clerk of the Court has entered an order on Plaintiff's Motion for Default at [Doc. 8], leaving this Honorable Court to grant Plaintiff's Motion.

Plaintiff seeks default against Defendant in the amount of four thousand two hundred twenty-five dollars and thirty cents ($4,225.30), representing statutory damages in the amount of one thousand dollars ($1,000.00), 15 U.S.C. § 1692(k)(a)(2)(A), two thousand seven hundred sixty dollars and thirty cents ($2,760.30) in attorneys' fees plus four hundred sixty-five dollars ($465.00) in costs, 15 U.S.C. § 1692(k)(a)(3). *See* Statement of Services attached as Exhibit 6, Declaration of Shireen Hormozdi attached as Exhibit 7, and Declaration of Ryan Lee attached as Exhibit 8.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND MEMORANDUM IN SUPPORT     1

Date: September 6, 2013         RESPECTFULLY SUBMITTED,

          By:  /s/ Shireen Hormozdi
            Shireen Hormozdi
            Krohn & Moss, Ltd
            10474 Santa Monica Blvd., Suite 401
            Los Angeles, CA 90025
            Phone:  (323) 988-2400 ext. 267
            Fax:     (866) 802-0021
            Attorney for Plaintiff
            FBN: 0882461

## **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF' MOTION FOR DEFAULT JUDGMENT**

**I.      BACKGROUND**

Plaintiff filed a one-count Complaint against Defendant on June 12, 2013.  Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).  [Docket Entry 1].  In her Complaint, Plaintiff alleges (1) On or around February 9, 2013, Plaintiff spoke to Defendant, stated that she was unable to pay the alleged debt, and requested that Defendant cease placing collection calls, (2) despite Plaintiff's request to stop, Defendant placed four (4) collection calls to Plaintiff on March 28, 2013; April 25, 2013; May 2, 2013; and May 9, 2013, (3) in a collection call on May 9, 2013, Defendant falsely stated that Plaintiff's social security account would be garnished if the alleged debt was not paid, and (4) as defendant is not the United States of America or an agent or representative thereof, Defendant cannot garnish Plaintiff's social security benefits pursuant to Section 207 of the Social Security Act, 42 U.S.C.§ 407.  [Complaint-Doc. 1 at ¶¶ 9-14].

Defendant was served with a summons and Plaintiff's Complaint on June 26, 2013, and Plaintiff filed a Proof of Service with this Court on July 9, 2013.  [Doc. 2-Return of Service Executed].  Because Defendant did not respond to Plaintiff's Complaint within the time and in the matter provided by Fed. R. Civ. P. 12, Plaintiff requested this Court for an Entry of Default on July 19, 2013.  [Doc. 7].  On July 22, 2013, Clerk Sheryl L. Loesch entered an order defaulting Defendant pursuant to Fed. R. Civ. P 55(a).  [Doc. 8].

Plaintiff hereby states the following: (1) On July 22, 2013, Clerk Sheryl L. Loesch entered an order defaulting Defendant for Defendant's failure to respond to Plaintiff's Complaint; (2) The defaulting party is not an infant or an incompetent person; (3) The Servicemembers Civil Relief Act (50 App. U.S.C. §521) does not apply; and (4) Notice has been

served on Defendant, the defaulting party, by means specified in the Proof of Service filed with this Court on July 22, 2013 at [Doc. 8]. Accordingly, Plaintiff seeks default judgment against Defendant in the amount of $4,225.30, itemized as follows: $1,000.00 in statutory damages to Plaintiff pursuant to the FDCPA, 15 U.S.C. 1692k(a)(2)A); $2,760.30 in attorneys' fees; and $465.00 in filing and service fees.

## II.  PLAINTIFF'S COMPLAINT STATES A VIABLE CAUSE OF ACTION

Federal Rule of Civil Procedure 55 authorizes courts to enter a default judgment as to any party that "fail[s] to plead or otherwise defend." Fed.R.Civ.P. 55(a)-(b)(2). Rule 55 applies to parties against whom affirmative relief is sought who fail to "plead or otherwise defend." Fed.R.Civ.P. 55(a). Thus a court can enter a default judgment against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue. *Solaroll Shade & Shutter Corp. v. Bio–Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir.1986). The Court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. *Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. *Id.*

In her Complaint, Plaintiff alleges (1) On or around February 9, 2013, Plaintiff spoke to Defendant, stated that she was unable to pay the alleged debt, and requested that Defendant cease placing collection calls, (2) despite Plaintiff's request to stop, Defendant placed four (4) collection calls to Plaintiff on March 28, 2013; April 25, 2013; May 2, 2013; and May 9, 2013, (3) in a collection call on May 9, 2013, Defendant falsely stated that Plaintiff's social security account would be garnished if the alleged debt was not paid, and (4) as Defendant is not the United States of America or an agent or representative thereof, Defendant cannot garnish

Plaintiff's social security benefits pursuant to Section 207 of the Social Security Act, 42 U.S.C.§ 407. [Complaint-Doc. 1 at ¶¶ 9-14].

Under § 1692d and d(5) of the FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including constantly and consistently placing telephone calls with the intent to harass, oppress, and abuse any person at the called number. 15 U.S.C. 1692 §§d, d(5). Under §§ 1692e, e(4), and e(10) of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including but not limited to (2) the representation or implication that nonpayment of any debt will result in garnishment of wages of any person unless such action is lawful, and (3) the use of any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. §§ 1692e, e(4), and e(10). As Plaintiff alleges that Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant to cease, and Defendant falsely threatened to garnish Plaintiff's social security income, Plaintiff's Complaint demonstrates that Defendant violated the FDCPA and therefore provides a basis for default judgment to be entered.

**III.   PLAINTIFF'S REQUEST FOR MONETARY JUDGMENT IS REASONABLE**

Plaintiff seeks default judgment against Defendant in the amount of $4,225.30, itemized as follows: $1,000.00 in statutory damages to Plaintiff pursuant to the FDCPA, 15 U.S.C. 1692k(a)(2)(A); $2,760.30 in attorneys' fees; and $465.00 in filing and service fees.

**A.   PLAINTIFF'S REQUEST FOR STATUTORY DAMAGES IS REASONABLE**

The FDCPA allows "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00." 15 U.S.C. § 1692k(2)(A). Plaintiff respectfully submits that she is entitled to relief because her claims are well-pled and establish

Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*. First, Plaintiff notes that proof **of only one violation** is sufficient to support judgment for Plaintiff. *Bentley v. Great Lakes Collection Bureau, Inc.*, 6 F.3d 60 (2nd Cir. 1993). In determining the amount of liability in an individual action under the FDCPA, the court may look to, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(2).

As discussed *supra*, Plaintiff alleges that Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant to cease, and Defendant falsely threatened to garnish Plaintiff's social security income. Defendant's egregious conduct was therefore in clear violation of §§ 1692d, 1692d(5), 1692e, 1692e, 1692e(4), and 1692e(10) of the FDCPA. Finally, Defendant's conduct was intentional, as there is nothing to suggest that Defendant's behavior was unintentional or the result of a mistake.

Plaintiff has attached FDCPA cases throughout the country where Federal District Courts have granted default judgments against defendants and awarded plaintiffs statutory damages and attorneys' fees and costs. These cases are briefly outlined below:

1. ***Vaughn v. Robert James & Associates*, 4:11-cv-01819 (December 9, 2011).**

Plaintiff's Complaint alleged that Defendant violated §§1692d and 1692d(5) of the FDCPA. Judge Nancy Atlas, in the Southern District of Texas, entered default judgment against Defendant and awarded Plaintiff the maximum statutory damages and Plaintiff's full amount of attorneys' fees and costs. That is, Plaintiff received $1,000.00 in statutory damages, $4,093.00 in attorneys' fess, plus $410.00 in costs, for total judgment of $5,093.00. *See* Final Order of Judgment attached as Exhibit 1.

2. *Rivera, v. National Check Processing*, **5:10-cv-00605-XR (March 17, 2011).**

Plaintiff's Complaint alleged that Defendant violated *§§1692e(5)* and *1692e(7)* of the FDCPA. Judge Xavier Rodriguez, in the Western District of Texas, entered default judgment against Defendant and awarded Plaintiff the maximum statutory damages and Plaintiff's full amount of attorneys' fees and costs. That is, Plaintiff received $1,000.00 in statutory damages, $3,667.50 in attorneys' fees, and $910.00 in costs, for a total judgment of $5,577.50. *See* Order attached as Exhibit 2.

3. *Sampson v. Brewer, Michael & Kane, LLC*, **6:09-CV-2114-Orl-31DAB (May 26, 2010).** Plaintiff's Complaint alleged that Defendant violated *§1692d(5) and §1692e(5),* among others, of the FDCPA. Judge David A. Baker, in the Middle District of Florida, entered a Report and Recommendation, adopted by the Court, entering default judgment against Defendant and awarding Plaintiff the maximum statutory damages and Plaintiff's full amount of attorneys' fees and costs. That is, Plaintiff received $1,000.00 in statutory damages, $2,415.00 in attorneys' fess, and $411.61 on costs, for a total judgment of $3,826.61. *See* Report and Recommendation attached as Exhibit 3.

4. *Gilmore v. A&S Collection Associates, Inc.,* **2:09-CV-04005-GAF-(JCx) (Jan. 29, 2010).** Plaintiff's Complaint alleged that Defendant violated *§1692e(5)* of the FDCPA and *§1788.10(e)* of the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA). Judge Gary Allen Fees, in the Central District of California, entered default judgment against Defendant and awarded Plaintiff the maximum statutory damages and Plaintiff's full amount of attorneys' fees and costs. That is, Plaintiff received $2,000.00 in statutory damages, $2,678.20 in attorneys' fees, and $350.00 in costs, for a total judgment of

$5,028.20.  *See* Memorandum and Order Regarding Plaintiff's Motion for Default Judgment attached as Exhibit 4.

      5.      *McDonald v. Cred X Debt Recovery, LLC,* **2:09-cv-01913-ROS (November 17, 2010).**  Plaintiff's Complaint alleged that Defendant violated multiple sections of the FDCPA. Judge Roslyn O. Silver, in the District of Arizona, entered default judgment against Defendant and awarded Plaintiff the maximum statutory damages and Plaintiff's full amount of attorneys' fees and costs.  That is, Plaintiff received $1,000.00 in statutory damages, $2,901.50 in attorneys' fees, and $451.61 in costs, for a total judgment of $4,353.11.  *See* Default Judgment Order attached as Exhibit 5.

In the instant case, Plaintiff has alleged violations of FDCPA §§1692d, 1692d(5), 1692e, 1692e(4), and 1692e(10).  Just as set forth in the facts of the attached cases, the merits of Plaintiff's claims are based on the facts set forth in her Verified Complaint, specifying the nature and quality of Defendant's contacts with Plaintiff in its unlawful attempts to collect an alleged debt.  Therefore, a statutory award of $1,000.00 to Plaintiff in this case is permissible and appropriate based upon the factual allegations in Plaintiff's Complaint.

    **B.    PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS IS REASONABLE**

Plaintiff requests attorneys' fees and requests this Honorable Court to determine Plaintiff's attorneys' fees.  Plaintiff is entitled to attorneys' fees and costs in the amount of $3,225.30, based on the reasons set forth below.

        **1.    PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEYS' FEES PURSUANT TO THE FDCPA.**

The specific statutory language of the FDCPA, and the public policy considerations in support of this Act, entitle Plaintiff to recover attorneys' fees and costs:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . . in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a).

Pursuant to this specific language, the Federal courts have long recognized the importance of the fee-shifting provision of the FDCPA, as well as the public policies behind it. In *Tolentino v. Friedman*, (7th Cir. 1995) the court affirmed that a separate award for costs and fees is mandatory.

> Given the structure of the section, attorneys' fees should not be construed as a special or discretionary remedy; rather, the act mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Tolentino v. Friedman*, 46 F.3d 645, 651-652 (7th Cir.1995).

Plaintiff's entitlement to her reasonable fees and costs has been reaffirmed by the Ninth Circuit Court of Appeals as recently as April 2008, where the Court once again ordered that the determination of fees and costs is mandatory by the district courts. "The FDCPA's statutory language makes an award of fees mandatory. The reason for mandatory fees is that Congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Graziano v. Harrison*, 950 F.2d 107 (3d Cir.1991) (noting that the FDCPA mandates an award of attorneys' fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general).

The *Tolentino* Court also noted Congress's specific intent to allow an individual plaintiff the ability to pursue an action where the burden of fees and costs would otherwise economically preclude this type of rights enforcement. *Tolentino* at 652 (*citing City of Riverside v. Rivera*, 477

U.S. 561 (1986)). "Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." *Id.* The court held similarly in *Camacho* when it rejected the District Court's "flat-fee" approach, and in its remand for further findings directed that "[T]he amount of [attorneys' fees] must be determined on the facts of each case." *Camacho* at 978.[1] The FDCPA mandates that the recovery of Plaintiff's attorneys' fees and costs is integral to the success of the policy goals of the FDCPA. Therefore, Plaintiff should be awarded reasonable attorneys' fees and costs as determined by this Honorable Court.

### 2. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AND COSTS BECAUSE PLAINTIFF IS THE PREVAILING PARTY IN THIS ACTION.

"[I]n order to encourage private enforcement of the law . . . Congress legislated that in certain cases prevailing parties shall recover their attorneys' fees from the opposing side. When a statute provides for such fees, it is termed a 'fee-shifting' statute. The FDCPA is one such statute, providing that any debt collector who fails to comply with its provisions is liable in the case of any successful action ... [for] the costs of the action, together with a reasonable attorneys' fee as determined by the Court." *Camacho* at 978 *citing Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir.2003) and 15 U.S.C. § 1692k(a)(3)).

In support of this Congressional mandate, federal appellate courts have long upheld a plaintiff's recovery of attorneys' fees and costs after the entry of judgment in plaintiff's favor.

---

[1] The [District] Court concluded that "[w]here ... the attorneys seeking fees support their motion with materials that are substantially unchanged from those filed by them in numerous other cases ... it would be inappropriate to award fees on fees on an hourly basis," and instead, the court awarded a "flat award" of $500." Camacho at 976. However, the Ninth Circuit Court of Appeals rejected this approach and remanded for a case-by-case determination of attorneys' fees.

*See*, e.g., *Webb v. James*, 147 F. 3d 617 (7th Cir. 1998) (awarding attorneys' fees under the underlying statute after plaintiff accepted defendant's Federal Rule 68 Offer of Judgment) and *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830 (9th Cir. 1997) (same).

### 3. PUBLIC POLICY SUPPORTS AN AWARD OF ATTORNEYS' FEES AND COSTS.

"The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Congress found such abuses by debt collectors to be serious and widespread." *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643, 653 (S.D.N.Y. 2006) (*citing* 15 U.S.C. § 1692(e) and *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir.1996)).[2] The fee-shifting provision contained in the FDCPA, therefore, enables consumers to vindicate their personal rights, while benefitting society in general, and thus, resulting in greater deterrence of fraudulent and deceptive business practices.

Further, the difficulty in private attorneys general actions, such as the FDCPA and similar state enacted statutes, is that the potential for recovery is not clear at the time the litigation is commenced, unlike, for example, in personal injury actions. *Bowers v. Transamerica Title Insurance Company*, 675 P.2d 193, 204 (Wash. 1983). Additionally, the amount in controversy is usually too small to induce an attorney to commence litigation on a contingency-fee agreement. Accordingly, "[T]he purpose of the statutory fee award is to benefit the plaintiff by allowing the plaintiff to obtain counsel in order to pursue redress for relatively small claims."

---

[2] Pursuant to the express intent of Congress in enacting the FDCPA, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

*Majcher v. Laurel Motors, Inc.*, 287 Ill.App.3d 719, 680 N.E.2d 416 (Ill. Ct. App. 1997); *See also Ford Motor Co. v. Mayes*, 575 S.W.2d 480, 488 (Ky. Ct. App. 1978). By providing the private bar with an incentive to involve itself in consumer litigation through a fee-shifting provision, the government is relieved of the costs of protecting consumers while ensuring that consumers may still avail themselves of their statutory rights.

Without a sufficient award of attorneys' fees and costs, the statutory remedy would simply not make the consumer whole as the average consumer would simply be unable to pay his or her attorneys' fees and costs. This result would create a deterrent for the private bar to pursue an action for which Congress has so emphatically dictated the importance. This sort of "chilling effect" would counter the purpose of the statute, which, when coupled with the provision awarding attorneys' fees, "is to encourage consumers to file actions to vindicate their rights." *Grove v. Huffman*, 262 Ill. App.3d 531, 539, 634 N.E. 2d 1184, 1190 (Ill. Ct. App. 1994). The attorneys'-fees provision is in place to remove the difficulty of obtaining counsel in pursuing claims which are relatively small compared to potential legal costs. *Id.* at 539. As a result, public policy dictates that attorneys' fees should be paid by the Defendant.

> 4. **IN CONSUMER PROTECTION ACTIONS IT IS <u>NOT</u> APPROPRIATE TO ASSESS A FEE AWARD BASED UPON THE PROPORTIONALITY OF THE ATTORNEYS' FEES EXPENDED TO THE AMOUNT OF PLAINTIFF'S RECOVERY.**

Courts throughout the nation have recognized that in consumer actions, it is not appropriate to calculate an attorneys' fee award based upon the amount recovered by the plaintiff. The fact that the amount recovered by the plaintiff may be disproportionate to the amount of attorneys' fees sought does not make the fees expended unreasonable. As such, the fees awarded should not be reduced to maintain some ratio between the attorneys' fees and underlying compensatory damages. *See Bryant v. TRW*, 689 F.2d 72 (6th Cir. 1982);

*Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1041-42 (3d Cir. 1996); *Jones v. Credit Bureau of Greater Garden City*, 1989 WL 134945 (D. Kan. 1989); and *Northrup v. Hoffman of Simsbury, Inc.*, 2000 WL 436612 (D. Conn. 2000).

>       5.      **THE RATES SOUGHT BY PLAINTIFF' ATTORNEYS ARE REASONABLE AND COMMENSURATE WITH THEIR EXPERIENCE IN THE FIELD OF CONSUMER PROTECTION.**

Plaintiff seeks an award of attorneys' fees in the amount of $2,760.30 and costs in the amount of $465.00, comprised of 8.5 hours of attorney and paralegal/clerk time at hourly rates ranging from $145.00 per hour to $387.00 per hour. *See* Statement of Services attached as Exhibit 6. Specifically, Plaintiff seek to recover attorney's fees for Shireen Hormozdi at a rate of $290.00 per hour for 1.0 hours; attorney's fees for Ryan Lee at a rate of $387.00 per hour for 5.9 hours, and fees for work by paralegals at $145.00 per hour for 1.6 hours. The hourly rates of Plaintiff' attorneys delineated in Plaintiff' Statement of Services are commensurate with the experience and training of each employee at Krohn & Moss, Ltd. These rates are also supported by the 2010-2011 Consumer Law Attorney Fee Survey and the United States Attorney's Office's "Laffey Matrix."

>       a.      **The experience of the attorneys at Krohn & Moss provide support for the hourly rates requested**

The experience of the attorneys that worked on behalf of Plaintiff is detailed in the declarations by K&M's attorneys. *See* Statement of Services attached as Exhibit 6, Declaration of Shireen Hormozdi attached as Exhibit 7, and Declaration of Ryan Lee attached as Exhibit 8.

>       b.      **The rates sought by Krohn & Moss are reasonable as evidenced by the 2010-2011 Consumer Law Attorney Fee Survey**

In 2010-2011, a survey was conducted of consumer advocates across the country to determine the rates charged by attorneys practicing in the area of consumer protection by an

"attorney's years in practice, location of practice, and size of firm." *See* United States Consumer Law Attorney Fee Survey Report 2010-2011 attached hereto as Exhibit 9. The attached survey supports the billing rates requested as the average billing rate data in the survey, grouped by both region and years in practice, is consistent with those rates. For example, on page 33, the average billing rate for firms with fewer than 5 attorneys in the Florida Region is $317.00 per hour and the 95% median was $450.00. *See* Exhibit 9 at page 33. This median rate is more than the rate requested for Shireen Hormozdi, and the rates for all attorneys are far below the 95% median. *See* Statement of Services attached hereto as Exhibit 6. As such, the rates requested by Plaintiff's attorneys are lower and, at minimum, commensurate with other consumer attorneys' billing rates, and therefore, should be determined by this Court to be reasonable.

      c.  **The rates sought by K&M are reasonable as evidenced by the United States Attorney's Office and the "Laffey Matrix."**

The attorneys' fees rates requested by Plaintiff, as detailed in Plaintiff's Statement of Services, are commensurate with the prevailing rates for attorneys that practice federal law. As the case at bar was filed pursuant to a federal remedial statute, the FDCPA, rates charged by other attorneys practicing federal law may be compared to determine an appropriate rate. *See Laffey v. Northwest Airlines, Inc*., 572 F. Supp. 354, 371 (D.D.C. 1983). In *Laffey*, the court compared rates of attorneys practicing federal claims with fee-shifting provisions to reach a hybrid rate. *Id*. The court's analysis in *Laffey* was taken one step further by the Civil Division for the United States Attorney's Office to reflect how rates have changed over the years due to inflation. In doing so, the United States Attorney's office created the "Laffey Matrix." As demonstrated by the "Laffey Matrix," the rates sought by Plaintiff's attorneys here are commensurate with recognized rates for attorneys with similar experience. *See* Laffey Matrix 2003-2012 attached hereto as Exhibit 10.

The "Laffey Matrix," when coupled with the declarations presented by Plaintiff and detailed biographies of Plaintiff's attorneys at K&M, provides conclusive evidence that the rates sought by Plaintiff' attorneys are reasonable. *See* Exhibits 7-8, 10.  The Laffey Matrix clearly illustrates that the rates charged by K&M are commensurate with the rates that could have been charged according to United States Attorney's Office.  *See* Exhibit 10.  Based on the "Laffey Matrix" and the other authority provided to this Honorable Court in Plaintiff's Memorandum of Points and Authorities, the hourly rates sought by Plaintiff' attorneys are reasonable.

### 6.    IT IS DEFENDANT'S BURDEN TO ESTABLISH ANY REDUCTION IN ATTORNEYS' FEES.

It has generally been recognized in fee-shifting statutes that "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990) (awarding $5,500,000 in fees on $3 recovery) cited in *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992).[3]  *See Laura B. Bartell, Taxation of Costs and Awards of Expenses in Federal Court*, 101 F.R.D. 553, 560-62 (1984).  The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. *See*, e.g., *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989); *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); and *Brinker v. Giuffrida*, 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant").  Accordingly, unless Defendant is able to meet its burden, this Court should accept Plaintiff' lodestar and award the attorneys' fees and costs sought.

---

[3] The lodestar figure represents reasonable hours times reasonable rate.  *Blanchard v. Bergeron*, 103 L.Ed. 2d 67, 76 (1989) *quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 656 (1986).

## IV.     CONCLUSION

In order for Plaintiff to obtain default judgment against Defendant, Plaintiff must not only satisfy the requirements of FRCP 55(a), but Plaintiff's Complaint must contain uncontested factual allegations which, taken as true, state a viable cause of action.  Here, Plaintiff satisfied the requirements of FRCP 55(a) and demonstrated that Plaintiff's Complaint states a strong showing of relief under the FDCPA.  Furthermore, Plaintiff has satisfied the elements establishing attorneys' fees pursuant to 15 U.S.C. §1692k(a).  Therefore, this Honorable Court should enter default judgment against Defendant in the amount of four thousand two hundred twenty-five dollars and thirty cents ($4,225.30), representing statutory damages in the amount of one thousand dollars ($1,000.00), 15 U.S.C. § 1692(k)(a)(2)(A), two thousand seven hundred sixty dollars and thirty cents ($2,760.30) in attorneys' fees plus four hundred sixty-five dollars ($465.00) in costs, 15 U.S.C. § 1692(k)(a)(3).

WHEREFORE, Plaintiff, EMMA ZICARELLI, respectfully requests this Honorable Court to enter Default Judgment against Defendant, COMMERCIAL RECOVERY SYSTEMS, INC. and to award Plaintiff $4,225.30 inclusive of attorneys' fees and costs.

Date: September 6, 2013            RESPECTFULLY SUBMITTED,

                                By:   /s/ Shireen Hormozdi
                                    Shireen Hormozdi
                                    Krohn & Moss, Ltd
                                    10474 Santa Monica Blvd., Suite 401
                                    Los Angeles, CA 90025
                                    Phone:  (323) 988-2400 ext. 267
                                    Fax:    (866) 802-0021
                                    Attorney for Plaintiff
                                    FBN: 0882461

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 6, 2013, I electronically filed the foregoing Motion for Clerk's Entry of Default by using the CM/ECF System.  A copy of said Motion was mailed to the following:

Tim Ford
Commercial Recovery Systems, Inc.
8035 E. R. L. Thornton, #220
Dallas, TX 75228

Date: September 6, 2013                                 /s/ Shireen Hormozdi
                                                                    Shireen Hormozdi